**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**EDRICK McCARTY,**

**Petitioner,**

**v.** **CASE NO. 10-3011-SAC**

**KANSAS DEPARTMENT OF CORRECTIONS, et al.,**

**Respondents.**

**MEMORANDUM AND ORDER**

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate confined at the Larned State Hospital, Larned, Kansas. Petitioner paid the filing fee[1]. Mr. McCarty seeks to challenge his convictions in the District Court of Sedgwick County, Kansas, in 1999 of first degree felony murder and attempted aggravated robbery. The only claim raised in the instant Petition is a challenge to "laws that made it okay for a 16 year old baby to be convicted as an adult."

Mr. McCarty responded in his form Petition that he has not previously filed any petition in a federal court regarding the conviction under challenge. However, the court takes judicial notice of Edrick McCarty v. Roberts, Case No. 04-3214-JWL (Sept. 27, 2005). This prior petition was filed in 2004 by Mr. McCarty and challenged his same 1999 Kansas convictions. It was denied on the merits. In his earlier petition, Mr. McCarty claimed insufficient evidence to support his conviction of first degree murder rather than an accidental killing, error in the trial court's response to

[1] Petitioner has filed a Notice (Doc. 2) providing the correct date that he executed his Petition as January 8, 2010, rather than 2009, and his Petition is amended to reflect the correct date.

a jury request for a read back of testimony, and ineffective assistance of counsel and denial of an evidentiary hearing in connection with his state habeas petition.

The claim raised in the Petition before the court is different from and does not relate to those raised in his prior petition. The court therefore finds that the instant application is a second or successive petition. Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001), cert. denied, 535 U.S. 973 (2002). Under 28 U.S.C. § 2244(b)(3)(A), a second or successive petition for writ of habeas corpus may be filed in federal district court only if the applicant first obtains an order from the appropriate federal court of appeals authorizing the district court to consider the petition. Id.

Petitioner in this case did not comply with the provisions of § 2244(b), but filed his Petition without obtaining prior authorization from the Tenth Circuit. As a result, this court lacks jurisdiction to address the merits of any § 2254 claim asserted in the Petition. In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006). This district court may transfer this action pursuant to 28 U.S.C. § 1631[2] to the Tenth Circuit for prior authorization if it is in the interest of justice to do so, or dismiss it for lack of jurisdiction. In re Cline, 531 F.3d at 1252.

The court finds that the interest of justice would not be

---

[2] Section 1631 provides in relevant part:

> Whenever a civil action is filed . . . and [the] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed. . . .

Id.

served by transfer of the instant action to the Tenth Circuit Court of Appeals, and that it should be dismissed instead. The three primary considerations governing a court's decision whether to transfer or dismiss are: (1) whether the action was in good faith filed in the wrong court; (2) whether dismissal might make it difficult for the petitioner to comply with the one-year federal limitations period; and (3) whether the claim is likely to have merit. See id. at 1251.

The first consideration does not support transfer in this case because the statutory requirement for prior authorization of second or successive habeas petitions has been in effect for well over a decade, making it difficult for petitioner to show that the initial filing of his petition in this Court was done in good faith. See id at 1252. Second, a dismissal will not make it any more difficult for petitioner to comply with the applicable limitations period. Petitioner's first application was timely, but the one-year statute of limitations has clearly expired for any attempt to amend his first petition to add a new claim. See U.S. v. Espinoza-Saenz, 235 F.3d 501, 504 (10th Cir. 2000). Moreover, his second habeas application is not an amendment, but a separate filing over five years after the first petition. See Marsh v. Soares, 223 F.3d 1217, 1219 (10th Cir. 2000). Finally, the facts showing this case is time-barred lead the court to conclude that transfer of this action would raise "false hopes," and waste judicial resources on a case that is "clearly doomed." Haugh v. Booker, 210 F.3d 1147, 1150 (10th Cir. 2000).

For the foregoing reasons, the court declines to transfer this Petition to the Tenth Circuit for authorization, and finds it should

be dismissed for lack of jurisdiction in accordance with 28 U.S.C. § 2244(b)(3).

**IT IS THEREFORE ORDERED** that this action is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 12th day of February, 2010, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge